# IN THE UNITED STATES BANKRUTPCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NSC WHOLESALE HOLDINGS LLC, et al.,[1]<br><br>             Debtors. | Chapter 11<br><br>Case No. 18-12394 (CSS)<br><br>Jointly Administered |
| NSC LIQUIDATING TRUST, by and through Edward P. Bond as Liquidating Trustee,<br><br>             Plaintiff,<br><br>      v.<br><br>VCNY Home,<br><br>             Defendant. | Adv. Proc. No.: 20-50909 (CSS) |

## VCNY HOME'S ANSWER TO PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §502

VCNY Home, by and through its undersigned counsel Montgomery, McCracken, Walker & Rhoads LLP, as and for its answer (the "Answer") to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550 and to Disallow Claims Pursuant to 11*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: NSC Wholesale Holdings LLC (6210); National Wholesale Liquidators of Lodi, Inc. (4301); NSC Realty Holdings LLC (4779); NSC of West Hempstead, LLC (5582); Top Key LLC (7503); BP Liquor LLC (2059); and Teara LLC (8660).

5397925v3

*U.S.C. § 502*, dated October 14, 2020 (the "Complaint") hereby admits, denies and alleges, as follows:[2]

## NATURE OF THE ACTION

1. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint calls for a legal conclusion for which no response is required.

4. Paragraph 4 of the Complaint calls for a legal conclusion for which no response is required.

5. Paragraph 5 of the Complaint calls for a legal conclusion for which no response is required.

6. Paragraph 6 of the Complaint calls for a legal conclusion for which no response is required.

7. Paragraph 7 of the Complaint calls for a legal conclusion for which no response is required.

## BACKGROUND

8. VCNY Home admits the allegations contained in Paragraph 8 of the Complaint.

9. VCNY Home admits the allegations contained in Paragraph 9 of the Complaint.

---

[2] VCNY Home denies each and every allegation of the Complaint not expressly and specifically admitted below.

5397925v3

10. VCNY Home admits the allegations contained in Paragraph 10 of the Complaint.

11. VCNY Home admits the allegations contained in Paragraph 11 of the Complaint.

12. VCNY Home admits the allegations contained in Paragraph 12 of the Complaint.

## THE PARTIES

13. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and states that the terms of the Trust Agreement speak for themselves.

14. VCNY Home admits the allegations contained in Paragraph 14 of the Complaint.

## FACTUAL BACKGROUND

15. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. VCNY Home admits the allegations contained in Paragraph 16 of the Complaint.

17. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and objects to any purported "Amendments."

19. VCNY Home admits the allegations contained in Paragraph 19 of the Complaint and specifically states that it responded to the Demand Letter by e-mail on January 29, 2020 with a detailed defense analysis. Plaintiff did not respond to VCNY Home's defense analysis.

20. VCNY Home denies the allegations contained in Paragraph 20 of the Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers– 11 U.S.C. § 547(b))

21. VCNY Home repeats and realleges the responses set forth in Paragraphs 1 through 20 above with respect to the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint calls for a legal conclusion for which no response is required.

23. Paragraph 23 of the Complaint calls for a legal conclusion for which no response is required.

24. VCNY Home admits the allegations contained in Paragraph 24 of the Complaint.

25. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. VCNY Home admits the allegations contained in Paragraph 27 of the Complaint.

28. VCNY Home admits the allegations contained in Paragraph 28 of the Complaint.

29. VCNY Home admits the allegations contained in Paragraph 29 of the Complaint.

30. VCNY Home denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. VCNY Home admits the allegations contained in Paragraph 31 of the Complaint and refers Plaintiff to VCNY Home's previously provided defense analysis.

32. VCNY Home denies the allegations contained in Paragraph 32 of the Complaint.

## COUNT II
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

1. VCNY Home repeats and realleges the responses set forth in Paragraphs 1 through 32 above with respect to the allegations contained in Paragraph 1 of Count II of the Complaint.[3]

2. VCNY Home denies the allegations contained in Paragraph 2 of Count II of the Complaint.

3. VCNY Home denies the allegations contained in Paragraph 3 of Count II of the Complaint.

## Count III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

4. VCNY Home repeats and realleges the responses to all preceding paragraphs as if fully set forth at length herein with respect to the allegations contained in Paragraph 4 of Count III of the Complaint.

5. VCNY Home denies the allegations contained in Paragraph 5 of Count III of the Complaint.

6. VCNY Home admits that it was the initial transferee of the Transfers identified in the Complaint, but otherwise denies the allegations contained in Paragraph 6 of Count III of the Complaint.

7. VCNY Home denies the allegations contained in Paragraph 7 of Count III of the Complaint.

---

[3] VCNY Home has restarted the numbering of the paragraphs to match the numbering in the Complaint.

5397925v3

## Count IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

8. VCNY Home repeats and realleges the responses to all preceding paragraphs as if fully set forth at length herein with respect to the allegations contained in Paragraph 8 of Count IV of the Complaint.

9. VCNY Home denies the allegations contained in Paragraph 9 of Count IV of the Complaint.

10. VCNY Home denies the allegations contained in Paragraph 10 of Count IV of the Complaint.

11. VCNY Home denies the allegations contained in Paragraph 11 of Count IV of the Complaint.

12. VCNY Home denies the allegations contained in Paragraph 12 of Count IV of the Complaint.

## PLAINTIFF'S RESERVATION OF RIGHTS

13. This section of the Complaint is comprised of Plaintiff's reservation of certain purported rights for which no response is required. To the extent a response is required, VCNY Home objects to any purported amendments to the Complaint and reserves all rights with respect thereto.

## PLAINTIFF'S PRAYER FOR RELIEF

14. The remainder of the Complaint constitutes Plaintiff's prayer for relief for which no response is required. To the extent a response is required, VCNY Home denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (As to All Claims for Relief)

15. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b).

### SECOND AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

16. Pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid the Transfers because the Transfers by Debtors to VCNY Home were in payment of a debt incurred by Debtors in the ordinary course of business of the Debtors and VCNY Home and the Transfers by the Debtors to VCNY Home were made in the ordinary course of business of the Debtors and VCNY Home.

### THIRD AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

17. Pursuant to 11 U.S.C. § 547(c)(2), Plaintiff may not avoid the Transfers because the Transfers by Debtors to VCNY Home were in payment of a debt incurred by Debtors in the ordinary course of business of the Debtors and VCNY Home and the Transfers by the Debtors to VCNY Home were made according to ordinary business terms.

### FOURTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

18. Pursuant to 11 U.S.C. § 547(c)(4), Plaintiff may not avoid the Transfers, because:

   (a) after each Transfer, VCNY Home gave new value to or for the benefit of Debtors;

   (b) such new value was not secured by an otherwise unavoidable security interest; and

   (c) Debtors did not make an otherwise unavoidable transfer to or for the benefit of VCNY Home on account of such new value.

19. The new value that VCNY Home gave to Debtors was in amounts sufficient to significantly diminish any recovery that Plaintiff alleges it is entitled to in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

20. Pursuant to 11 U.S.C. § 547(c)(1), Plaintiff may not avoid the Transfers, because:

    (a) all Transfers were intended by Debtors and VCNY Home to be a contemporaneous exchange for new value given to Debtors; and

    (b) all Transfers were in fact a substantially contemporaneous exchange for new value given to Debtors.

### SIXTH AFFIRMATIVE DEFENSE
### (As to First Claim for Relief)

21. The Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

### SEVENTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

22. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Transfers were taken for value and in good faith.

### EIGHTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

23. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because VCNY Home gave fair consideration to the Debtor transferor in exchange for the Transfers.

### NINTH AFFIRMATIVE DEFENSE
### (As to Second Claim for Relief)

24. The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor transferor received reasonably equivalent value on account of the Transfers.

**TENTH AFFIRMATIVE DEFENSE**
**(As to Second Claim for Relief)**

25.     The Transfers are not avoidable under 11 U.S.C. § 548(a)(1)(B) because the Debtor transferor was not insolvent and was not rendered insolvent by the Transfers.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(As to Third Claim for Relief)**

26.     Since the Transfers are not avoidable pursuant 11 U.S.C. § 547 or 548, they are not recoverable pursuant 11 U.S.C. § 550.

**TWELFTH AFFIRMATIVE DEFENSE**
**(As to All Claims for Relief)**

27.     Plaintiff is not entitled to recover interest, costs, expenses and legal fees incurred in connection with this Adversary Proceeding because of the defenses VCNY Home has to each and every claim for relief of the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(As to First Claim for Relief)**

28.     Plaintiff is not entitled to any recovery due to the Plaintiffs failure to conduct "reasonable due diligence in the circumstances of the case", as set forth in section 547(b) of the Bankruptcy Code.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(As to First Claim for Relief)**

29.     Plaintiff is not entitled to any recovery due to the Plaintiffs failure to "take[] into account [VCNY Home's] known or reasonably knowable affirmative defenses under subsection (c)", as set forth in section 547(b) of the Bankruptcy Code.

**RESERVATION OF RIGHTS**

30.     VCNY Home reserves the right to amend this Answer and assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, VCNY Home respectfully requests judgment:

    (a)    dismissing the Complaint with prejudice;

    (b)    for the costs and disbursements of this Adversary Proceeding; and

    (c)    for such other and further relief as the Court deems just and proper.

Dated: December 30, 2020　　　　**MONTGOMERY McCRACKEN WALKER &**
       Wilmington, Delaware　　　　　　**RHOADS LLP**

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
1105 N. Market Street, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 504-7805
Facsimile:  (215) 731-3740
Email:  gdonilon@mmwr.com

-and-

Edward Schnitzer, Esq.
437 Madison Avenue
New York, NY  10022
Telephone:  (212) 867-9500
Facsimile:  (212) 599-5085
Email:  eschnitzer@mmwr.com

*Counsel for VCNY Home*

5397925v3